*132 OPINION OF THE COURT
Per Curiam.
By order filed on October 24, 2012 (212 NJ 364, 54 A3d 280 [2012]), the Supreme Court of New Jersey, inter alia, disbarred the respondent, by consent, and struck his name from the roll of attorneys in that state.
The respondent’s disbarment in New Jersey resulted from a grievance filed against the respondent charging him with knowing misappropriation of client funds. After consulting with counsel, the respondent knowingly and voluntarily executed a sworn statement consenting to his disbarment. He acknowledged in such statement that he could not successfully defend himself against the pending charges, and acknowledged that he was aware that his consent to disbarment constituted an absolute barrier to his ever seeking reinstatement to the bar in New Jersey.
On January 16, 2013, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent, through his attorney, with a notice pursuant to 22 NYCRR 691.3 informing him of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c). In response, the respondent submitted a one-sentence statement, asserting that the imposition of reciprocal discipline would be unjust. The respondent did not demand a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline.
We find that the imposition of reciprocal discipline is not unjust. Based on the findings of the Supreme Court of New Jersey, reciprocal discipline is imposed pursuant to 22 NYCRR 691.3, and, effective immediately, the respondent is disbarred.
Eng, EJ., Rivera, Skelos, Dillon and Sgroi, JJ., concur.
Ordered that the application of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Robert J. DePalma, admitted as Robert John DePalma, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Robert J. DePalma, admitted as Robert John DePalma, shall comply with this Court’s rules *133 governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert J. DePalma, admitted as Robert John DePalma, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.
Ordered that if the respondent, Robert J. DePalma, admitted as Robert John DePalma, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).